**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:20-CR-18-ADA** |
| | § | |
| **DARRELL JACOB BALMONTE** | § | |
| **RILLERA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). The Defendant was released to supervision on February 1, 2024. On April 30, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

1

**Violation Number 1:** The defendant violated Mandatory Condition Number 3, to refrain from any unlawful use of a controlled substance, in that on February 7, 2024, the defendant admitted to using Methamphetamine and Marijuana.

**Violation Number 2:** The defendant violated Mandatory Condition Number 3, to refrain from any unlawful use of a controlled substance, in that on February 8, 23, March 21, and April 11, 2024, the defendant submitted urine samples which tested positive for Marijuana.

**Violation Number 3:** The defendant violated Mandatory Condition Number 3, to refrain from any unlawful use of a controlled substance, in that on February 28, 2024, the defendant submitted a urine sample which tested positive for Amphetamine/Methamphetamine.

**Violation Number 4:** The defendant violated Mandatory Condition Number 3, to refrain from any unlawful use of a controlled substance, in that on April 25, 2024, the defendant admitted he used Marijuana on April 20, 2024.

**Violation Number 5:** The defendant violated Standard Condition Number 5, to live at a place approved by the probation officer and notify the probation officer of a change in residence at least 10 days before the change, in that on April 25, 2024, the defendant admitted to having moved without notifying the probation officer.

**Violation Number 6:** The defendant violated Standard Condition Number 7, to notify the probation officer of a change in employment at least 10 days before the change, in that on April 25, 2024, the defendant admitted to having changed employment without notifying the probation officer.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 through 6. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

2

4.      The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.      The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      The Defendant was sane and mentally competent to stand trial for these proceedings.

7.      The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.      The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10.     The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11.     The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12.     The Defendant understood his statutory and constitutional rights and desired to waive them.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release with the following modifications to his conditions of release:

- The defendant shall participate in the Location Monitoring Program with Radio Frequency Monitoring for a period of 120 days. The defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the defendant shall remain at the place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at the place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a

3

modem or a portable cordless telephone for the above period as instructed by the probation officer. The defendant shall wear an electronic monitoring device and follow location monitoring procedures specified by the probation officer. The defendant shall pay for the costs of the program if financially able. The defendant will be placed on curfew and shall remain at the place of residence from 10:00 PM until 7:00 AM.

- The defendant shall abstain from the use of alcohol and/or all other intoxicants.

- The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Defendant is admonished that if does not follow his conditions of release, Defendant will be facing significant time in custody, up to the maximum provided by the sentencing guidelines.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

4

SIGNED this 2nd day of July, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE